914 F.2d 247
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leroy FERRELL, Petitioner-Appellant,
v.
William D. LEEKE, SCDC Institution Commissioner; T. Travis
Medlock, Attorney General for South Carolina; J.B. Ness,
Chief Justice for the South Carolina Supreme Court;
Attorney General of South Carolina, Respondents-Appellees.
 No. 89-7679.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 21, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Solomon Blatt, Jr., Senior District Judge. (C/A No. 86-652-8-H).
 Leroy Ferrell, appellant pro se.
 Frank Louis Valenta, Jr., Assistant Attorney General, Columbia, S.C., for appellees.
 D.S.C.
 DISMISSED.
 Before WIDENER and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Leroy Ferrell was convicted in 1981 of a number of offenses, including entering a bank with intent to steal and armed robbery. He was sentenced to consecutive terms of imprisonment for the offenses. In his habeas petition Ferrell sought relief on his claims that he was not arraigned prior to trial, he was denied the effective assistance of counsel, and his convictions for entering the bank with intent to steal and for armed robbery violated double jeopardy. The magistrate, to whom the petition was referred, recommended granting summary judgment in favor of respondents on the claim alleging failure to arraign, and recommended appointing counsel for further development of the ineffective assistance and double jeopardy claims. Ferrell's objections to the disposition of the arraignment claim were rejected and the magistrate's recommendations were adopted and counsel appointed. Ferrell's interlocutory appeal from the order dismissing the arraignment claim was dismissed. Ferrell v. Leeke, No. 87-6120 (4th Cir. Nov. 10, 1987) (unpublished). Appointed counsel abandoned the ineffective assistance claim and briefed only the double jeopardy claim. After de novo review of Ferrell's timely objections to the magistrate's report recommending dismissal of the double jeopardy claim, the district court adopted the magistrate's report and dismissed the petition.
 
 
 2
 We find no error in the district court's disposition of either the failure to arraign prior to trial claim or the ineffective assistance of counsel claim. We dismiss the appeal as to those claims on the reasoning of the district court adopting the magistrate's report. Ferrell v. Leeke, CA-86-652-8-H (D.S.C. June 13, 1987; June 2, 1989). Likewise, we find no error in the judgment dismissing the double jeopardy claim. We write only to clarify the basis for the dismissal.
 
 
 3
 Ferrell's double jeopardy claim was presented to the Supreme Court of South Carolina in his direct appeal. The state argued in the direct appeal that the claim should be dismissed based upon procedural default resulting from trial counsel's failure to contemporaneously object at trial; alternatively, the claim should be dismissed as being without merit. The South Carolina Supreme Court dismissed the direct appeal under Rule 23 of its Rules of Practice. Rule 23 provides:
 
 
 4
 After the return in any matter pending before this Court shall have been docketed, or at any subsequent stage of the appeal, the Court may file a memorandum opinion dismissing the appeal, affirming or reversing the judgment appealed from, or granting other appropriate relief when, in unanimous decision, the Court determines that a full written opinion would have no precedential value and any one or more of the following circumstances exists and is dispositive of a matter submitted to the Court for decision: (1) that a judgment of the trial court is based on findings of fact which are not clearly erroneous; (2) that the evidence of a jury verdict is not insufficient; (3) that the order of an administrative agency is supported by such quantum of evidence as prescribed by the statute or law under which judicial review is permitted; (4) that no error of law appears.
 
 
 5
 The South Carolina Supreme Court concluded that "after careful consideration of the record and briefs, we are of the opinion that no error of law is present, and a full written opinion would be without precedential value." See State Court Records, Supreme Court summary affirmance.
 
 
 6
 The district court concluded that if the South Carolina Supreme Court dismissed the double jeopardy claim on grounds of procedural default then federal review of the claim was barred because Ferrell had not shown cause for the default or prejudice from the federal court's failure to consider the claim. Alternatively, if the supreme court dismissed the claim on the merits, thereby requiring federal review on the merits,* Ferrell was still not entitled to relief because the federal court was bound by the state's highest court's interpretation of whether the legislature intended multiple punishment on the two offenses.
 
 
 7
 We agree with the district court's alternative reasoning on this claim. Noticeably absent in the enumerated list of circumstances allowing for a Rule 23 disposition is any reference to procedural defaults at trial. We conclude, therefore, that the Rule 23 dismissal was on the merits. In the multiple punishments context, the double jeopardy clause does no more than prevent a sentencing court from prescribing a greater punishment than the legislature intended. Missouri v. Hunter, 459 U.S. 359, 366 (1983); see also Garrett v. United States, 471 U.S. 773 (1985). Federal courts are bound by the highest state court interpretation of state legislative intent on this point. See Sanderson v. Rice, 777 F.2d 902 (4th Cir.1985), cert. denied, 475 U.S. 1027 (1986). Since the South Carolina Supreme Court, in addressing Ferrell's double jeopardy claim on direct appeal, would have construed the statutes in question to allow separate punishments, Ferrell has not presented a federal double jeopardy claim.
 
 
 8
 Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 DISMISSED
 
 
 *
 Unless the last state court rendering judgment expressly relies on procedural bar, federal courts should not treat a claim as procedurally barred. Harris v. Reed, 57 U.S.L.W. 4224 (U.S. Feb. 22, 1989) (No. 87-5677); Evans v. Thompson, 881 F.2d 117 (4th Cir.1989)